**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2226-23

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

JOHN M. VEGA, a/k/a
JOHN GOMEZ and
HECTOR VARGAS,

 Defendant-Appellant.

_____

Submitted May 28, 2026 – Decided July 7, 2026

Before Judges Vanek and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Indictment No. 21-07-0464.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Stefan Van Jura, Assistant Deputy Public Defender, of counsel and on the brief).

Jennifer Davenport, Attorney General, attorney for respondent (Deborah Bartolomey, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant John M. Vega appeals from an August 21, 2023 order denying his motion to suppress the victim's out-of-court identification, as well as from the judgment of conviction entered after he pleaded guilty to second-degree burglary, N.J.S.A. 2C:18-2(a)(1), and was sentenced to three years in prison. Because we conclude the order is supported by sufficient, credible evidence in the record, we affirm substantially for the reasons set forth in Judge Janetta D. Marbrey's well-reasoned written decision.

I.

On December 28, 2020, Officer Ja'Neice Worley was dispatched to investigate a home invasion after the handcuffed victim flagged down a Trenton police officer on a street near the victim's home. The victim reported three males, including defendant, had entered his residence without permission, intending to steal "money and marijuana." The victim was handcuffed, threatened with kitchen knives, and restrained in the bathroom to prevent him from impeding the invasion.

The victim informed the police that two of the intruders were wearing black clothing with black face masks and the third wore an army fatigue jacket, green and black Adidas or Nike sneakers, white braids, and a face mask. The victim also informed the police he thought he knew the third intruder, later

A-2226-23

identified as defendant, because he heard someone say his name during the robbery.

Trenton Police Officer Crystal Everett was also dispatched to the scene, arriving after the intruders had left. Officer Everett spoke with the victim, who reported again that three men wearing masks broke into his home, handcuffed him, and searched his household. The victim's home-video surveillance confirmed his version of the events. The victim also told Officer Everett he believed one of the intruders was a Hispanic male who the victim only knew by his street name, "Bambi."

While at the station house with the victim, Officer Everett—unfamiliar with the intruder's alleged street name—searched "Bambi" in the police database. The search revealed no results. Officer Everett then employed a "mug book review" of the Trenton Police Department's Records Management System, which electronically stores drivers' license photos and photos taken upon arrest, also known as "mug photos."

During a mug book review, an individual reviews a database for "computer-generated images of possible suspects" based on descriptions of gender and race. Officer Everett described the mug book review procedure in this case as follows:

A victim would sit at a desk and he would sit in front of a computer. I would set up the criteria for the suspect that . . . we're looking for. He[] then . . . observes eight photos at a time. . . If none of them are the suspect, he clicks the next button and then eight more [photos] pop up.

. . . .

He's advised to alert me if he recognizes the suspect or if he . . . sees somebody that looks similar to the suspect.

Officer Everett limited the mug book review in this case to photos matching the victim's description and "selected White male in [the] mug book review session because Hispanic males and [W]hite males are in the same category." Officer Everett testified that, because "the mug book procedure was done at a detective's desk[,] . . . [and there was not] a video camera in that room," she did not create a contemporaneous audio or video recording of that portion of the process.

However, after completing the mug book review, Officer Everett video recorded the victim's identification of one of the intruders.[1] The victim described the third male as Hispanic, with "dreads" or "braid[ed]" hair, and

_____

[1] The transcript of the trial court hearing demonstrates the video was reviewed by the trial judge, but the video was not provided on appeal. We rely on the hearing transcript as the record of the statements captured on the video.

wearing a green jacket and green shoes. The victim stated he had selected Bambi from the mug book and was ninety-eight percent sure it was him because he had known Bambi for thirty-two years prior to the incident. The victim told Officer Everett the person in the photograph was one of the individuals who invaded his home earlier that night. The victim identified only defendant during the mug book review.

On July 1, 2021, a Mercer County grand jury indicated defendant on charges of first-degree robbery, N.J.S.A. 2C:15-1(a)(1); second-degree burglary, N.J.S.A. 2C:18-2(a)(1); third-degree criminal restraint, N.J.S.A. 2C:13-2(a); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5d; and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d).

On June 6, 2022, defendant, then self-represented, orally moved for a Wade/Henderson[2] hearing. The next day, defendant's standby counsel filed a written motion. The judge determined the application met the threshold to hold

---

[2] United States v. Wade, 388 U.S. 218 (1967); State v. Henderson, 208 N.J. 208 (2011). The purpose of a Wade/Henderson hearing is to develop a record for the judge to determine whether an identification procedure created a substantial likelihood of irreparable misidentification, such that the identification was unreliable and should be deemed inadmissible at trial. Wade, 388 U.S. at 229-30; Henderson, 208 N.J. at 289.

A-2226-23

an evidentiary hearing to address whether the State's identification process comported with applicable law and to determine if the victim's out-of-court identification should be suppressed. The State called Officer Everett to testify at the hearing.

In an August 21, 2023 order accompanied by a written decision, the judge denied defendant's motion to suppress the victim's out-of-court identification. After finding Officer Everett's testimony credible, the judge concluded the identification procedure was not unnecessarily suggestive and did not violate due process. Applying the framework articulated in Henderson, Anthony, and Pressley,[3] the judge found defendant failed to show evidence of suggestiveness tied to a system variable. The judge determined the New Jersey Attorney General Guidelines (AG Guidelines) in effect on the incident date did not mandate audio or video recording of mug book reviews and that Officer Everett followed then-applicable procedures. Reasoning that the identification was confirmatory in nature, and there was no evidence of suggestiveness or a substantial likelihood of irreparable misidentification, the judge denied defendant's motion to suppress the identification.

---

[3] Henderson, 208 N.J. at 288; State v. Anthony, 237 N.J. 213, 233 (2019); State v. Pressley, 232 N.J. 587, 592-93 (2018),

On November 13, 2023, defendant pleaded guilty to second-degree burglary under N.J.S.A. 2C:18-2(a)(1). A December 14, 2023 judgment of conviction was entered in accordance with the plea agreement, and defendant was sentenced to a term of three years' incarceration, subject to an eighty-five-percent period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

On appeal, defendant raises one point:

> THE IDENTIFICATION OF DEFENDANT MUST BE SUPPRESSED BECAUSE, AFTER DEFENDANT SHOWED THE MUG BOOK IDENTIFICATION PROCEDURE WAS SUGGESTIVE, THE STATE FAILED TO MEET ITS BURDEN TO SHOW THAT IT CONDUCTED A FAIR IDENTIFICATION PROCEDURE THROUGH PRESERVATION OF THE ADDITIONAL SEVEN PHOTOGRAPHS THAT APPEARED ON THE SAME PAGE AS DEFENDANT'S PHOTOGRAPH, AND BY DEMONSTRATING THAT MULTIPLE VIEWINGS OF DEFENDANT DID NOT OCCUR.

II.

To warrant exclusion of an out-of-court identification, a defendant must demonstrate "some evidence of suggestiveness tied to a system variable which could [have led] to a mistaken identification." Anthony, 237 N.J. at 233 (citing Henderson, 208 N.J. at 288-89). Upon satisfying this burden, the defendant is entitled to a Wade/Henderson hearing "to explore all relevant factors and

7

A-2226-23

challenge the admission of the identification evidence." State v. Green, 239 N.J. 88, 99 (2019) (citing Anthony, 237 N.J. at 226; Henderson, 208 N.J. at 288-93); See also State v. Delgado, 188 N.J. 48, 51 (2009) (requiring "as a condition to the admissibility of out-of-court identifications, the police record, to the extent feasible, the dialogue between witnesses and police during an identification procedure"); R. 3:11 (codifying Delgado).

After the defendant meets this initial burden, "the State must then offer proof to show that the proffered eyewitness identification is reliable—accounting for system and estimator variables." Henderson, 208 N.J. at 289. But a defendant must carry the ultimate burden of proving "a very substantial likelihood of irreparable misidentification." Ibid. The "threshold for suppression" is high and in most cases the issue of identification is "likely to be presented to the jury." Id. at 303.

We will uphold the admission of an out-of-court identification so long as it is supported by sufficient, credible evidence in the record. State v. Adams, 194 N.J. 186, 203 (2008). We are "mindful that the trial court's findings at the hearing on the admissibility of identification evidence are 'entitled to very considerable weight.'" Ibid. (quoting State v. Farrow, 61 N.J. 434, 451 (1972)). "[R]eview of the trial court's application of the law to the facts, however, is

plenary." State v. Wright, 444 N.J. Super. 347, 357 (App. Div. 2016); see also Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)).

III.

After careful review of the record and consideration of defendant's arguments, we conclude Judge Marbrey's denial of defendant's motion to suppress the victim's out-of-court identification was supported by sufficient credible evidence in the record.

Our Supreme Court has distinguished between suggestive and confirmatory identifications. "A confirmatory identification occurs when a witness identifies someone he or she knows from before but cannot identify by name." Pressley, 232 N.J. at 592-93. In Pressley, the Court opined the risk of misidentification is tempered when the identification is confirmatory. 232 N.J. at 590-93. "[A] confirmatory identification . . . is not considered suggestive." Id. at 592 (internal quotation marks omitted).

We discern no basis to disturb the judge's finding that the victim's identification of defendant was confirmatory and non-suggestive. The evidence developed through Officer Everett's testimony supports the judge's conclusion. See Pressley, 232 N.J. at 592-93. The victim told Officer Everett he had known

one of the intruders as "Bambi" for thirty-two years prior to the incident. Through the mug book review procedure, the victim confirmed his identification of Bambi as one of the individuals who unlawfully entered his home.

We also discern no error with the judge's determination the confirmatory identification lacked evidence of suggestiveness and, therefore, suppression was not warranted. As the judge properly observed, the revised AG Guidelines requiring police to contemporaneously record mug book reviews were not promulgated until 2021 and the identification at issue occurred in 2020. Thus, the process utilized did not violate any then-existing guideline.

Further, the judge noted that in Anthony, the Supreme Court held a witness's identification of a defendant should not be automatically excluded because police failed to fully comply with Rule 3:11. Instead, the Court directed that when an identification is not recorded, judges should hold a hearing to determine whether the evidence is reliable, excluding it only if it is found to be unreliable. Anthony, 237 N.J. at 245. That stricture was satisfied here. The record does not support defendant's argument that Officer Everett's failure to simultaneously record the mug book review created "a very substantial likelihood of irreparable misidentification." Henderson, 208 N.J. at 303.

10

Under our deferential standard of review, we affirm Judge Marbrey's decision because it is based on sufficient, credible evidence in the record. To the extent we have not otherwise addressed defendant's other arguments, we conclude that they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2226-23